IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JEROME L. GRIMES, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:22-cv-01260-B (BT) |
| § | |
| SANTANDER CONSUMER USA, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jerome L. Grimes, a resident of Eatonville, Florida, initiated this *pro se* civil action on June 10, 2022, by filing an eleven-page handwritten complaint (ECF No. 3), in which mentions numerous legal and seemingly legal topics in shotgun fashion, such as "fraud," "negligent," "supervisory negligent," "defamation," "predatory lending," and "intimidation." He names Santander Consumer USA, a corporation he claims can be found on Elm Street in Dallas, Texas, as the sole defendant, and he alleges that Santander became the lender for his "brand new" 2018 Nissan Kicks SUV when he financed $21,000 for the purchase of the vehicle. Grimes now seeks $80,000 from Santander. However, his complaint is difficult to follow, and it is not clear what his specific claims are. Grimes also failed to file his complaint on the court-approved form.

Accordingly, on July 1, 2022, the Court sent Grimes a Notice of Deficiency and Order (ECF No. 7), which ordered him to file a complaint in compliance with Federal Rule of Civil Procedure 8(a)[1] and file his complaint on the proper form. The Order informed Grimes that failure to respond and cure these deficiencies by August 1, 2022, could result in a recommendation that his case be dismissed.

On July 11, 2022, Grimes responded by filing six additional pages of a handwritten documents and an attachment titled "Sworn Affidavit Lost License Plate" (ECF No. 9 at 5). Grimes's submission fails to comply with the Court's July 1, 2022 Order. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order.

---

[1] Rule 8(a) provides:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

*Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); accord *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Grimes has failed to comply with the Court's Order to file a complaint in compliance with Federal Rule of Civil Procedure 8(a) and file his complaint on the court-approved form. The Court cannot screen his claims, and this litigation cannot proceed, until he cures these deficiencies. Grimes has failed to prosecute his lawsuit and also failed to obey a court order. Dismissal without prejudice is warranted under these circumstances.

The Court should dismiss Grimes's case without prejudice under Rule 41(b).

SO RECOMMENDED.

Signed August 2, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.